THE TOWN OF STOWE *v.* IVORY LUCE, JOSHUA LUCE, GUY NUTTING, A. PETERSON, JAMES HARRIS AND JAMES G. HARRIS.

*Construction of the third section of the act annexing Mansfield to Stowe.*

The provision in the act of the legislature entitled "an act to annex Mansfield to Stowe," approved November 11, 1848, (Laws of 1848, p. 11,) that the United States surplus money belonging to the town of Mansfield shall become the funds of the town of Stowe, and that the trustees of the town of Stowe may maintain an action on any notes executed to the trustees of Mansfield, or payable to the town of Mansfield, in the name of Stowe, does not authorize or enable the town of Stowe to maintain an action upon the official bond executed to the town of Mansfield by the former trustees of that town.

DEBT on a bond dated the 29th of March, 1848, executed by the defendants to the late town of Mansfield. The object and

conditions of the bond are sufficiently set forth in the opinion of the court. Their decision having reference only to the right of the plaintiffs to maintain any action on the bond declared on, a statement of the particular averments in the declaration is unnecessary.

The defendants demurred generally to the declaration; the county court, May Term, 1854,—PECK, J. presiding,—adjudged the declaration sufficient, and rendered judgment for the plaintiffs. Exceptions by the defendants.

——————————— for the defendants.

——————————— for the plaintiffs.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J. This is an action of debt, brought by the town of Stowe, on a penal bond executed in March, 1848, to secure to the town of Mansfield the payment of the surplus money belonging to that town, and in the hands of the trustees, who are the principals in the bond. The declaration was demurred to, and the question is, can this action be sustained? In November, 1848, the town of Mansfield was annexed to, and became a part of the town of Stowe, and the third section of the act annexing it to Stowe, provided " that the United States surplus money belonging to the town of Mansfield should become the funds of the town of Stowe, and that the trustees of the town of Stowe might maintain an action on *any notes* executed to the trustees of the town of Mansfield, or, if payable to the town of Mansfield, in the name of Stowe."

This bond was executed to the inhabitants of the town of Mansfield, and the statute, in its language, only extends *to notes* given to the trustees of Mansfield, or payable to the town of Mansfield.

.It becomes an important inquiry, whether there is any sound principles in relation to the construction of statutes which will warrant this court to *enlarge* the language of the statute, so as to include in the expression, *notes*, penal bonds, like the one in question.

The condition of this bond is " to secure a true and faithful execution of the office of trustees appointed to manage the sur-

plus fund, and to secure the payment of the interest on it to the town of Mansfield, payable the first day of April, 1849, and the principal when called for, and *to indemnify the town against all damage that shall arise to the town in consequence of any neglect of the trustees in the performance of their duty.*" This, then, is a bond for something more than to secure the payment of a sum of money. The provision in the statute that the trustees of the town of Stowe may maintain an action *on any notes* executed to the trustees of Mansfield, or if payable to Mansfield, the action may be brought by the town of Stowe, is clear, unambiguous, and it, in no way, calls upon the court to give it a meaning *by construction*. Though, it is the duty of courts to give a sensible and reasonable construction to the legislative expressions, which are obscure, yet they ought not to distort those which are clear and intelligible. *Pearce* v. *Atwood,* 13 Mass. 324. To do it would be to make statutes, not to construe them. Hence the language of a statute is not to be *enlarged* or *limited* by *construction*, unless its object and plain meaning require it. *Doane* v. *Philips*, 12 Pick. 223, 226, and though *equitable* constructions, as they are sometimes called, may be tolerated in remedial, and, perhaps, in some other statutes, yet they should always be resorted to with great caution, and I apprehend a mere failure of justice is not a sufficient ground for construing a statute against the clear and obvious meaning of its language. See *Pitman* v. *Flint*, 10 Pick. 504, 506. Though it is a trite remark that a law should have effect according to the intention of the legislature, yet, how is that intention to be learned by courts ? The rule as laid down in the case of *Fordyce* v. *Bridges*, 11 Jurist. 157, is, that the intention must be ascertained from the words of the statute, and not from any *general inferences to be drawn from the nature of the objects dealt with by the statute*, and this, we think, is the only safe rule, where the language of the act is *clear* and *unambiguous*, as in the present case. Unless this rule is adhered to, courts would cease to be simply the administrators of the law, and would become, in effect, the law-making power.

We think, then, without considering any other objection taken by counsel to the declaration, and without at all considering the question, whether it was competent for the legislature to pass a law giving to the town of Stowe a right to maintain an action on this

bond, the declaration must be held insufficient. It is enough to say, that, by the well established rules in relation to the operation and construction of statutes, which the court cannot but regard as imperative upon them, the legislature have not attempted to do it.

The judgment of the county court is reversed, and judgment for the defendants to recover their costs, for the insufficiency of the declaration.